### HENRY LOWTHER v. STATE OF OHIO.

1. ONE PARTY MAY BE CONVICTED OF INCEST WITHOUT INDICTING OTHER.

   Under the statute of Ohio, the father can be indicted and convicted of the crime of incest, without either jointly or separately indicting the daughter with whom it is charged the crime is committed.

2. LETTERS FROM HUSBAND TO WIFE WHICH ARE ADMISSIBLE IN EVIDENCE.

   Letters written by the accused addressed to his wife, properly in the possession of a third person, who produces them with nothing to show they had ever been delivered to the wife, and the only portion prejudicial to the accused being addressed to the daughter is properly admitted in evidence on behalf of the state.

ERROR to the Court of Common Pleas of Van Wert county.

At the May term, 1889, of the court of common pleas of Van Wert county, Henry Lowther was indicted of the crime of incest, and upon such indictment was afterward convicted and sentenced to the penitentiary.

The court overruled a demurrer to the indictment, as also a motion in arrest of judgment and for new trial. Exceptions were taken. The petition in error raises the questions as to the sufficiency of the indictment and errors of law occurring on the trial.

The indictment is as follows:

## INDICTMENT.

"The State of Ohio, Van Wert County, ss.:

"In the court of common pleas of Van Wert county, Ohio, for the term of May, A. D., 1889.

"The jurors of the grand jury of the state of Ohio, within and for the body of the county of Van Wert, impaneled, sworn and charged to inquire of crimes and offenses committed within said county of Van Wert, in the name and by authority of the state of Ohio, on their oaths, do find and present, that one Henry Lowther, late of said county, on or about the 1st day of March, in the year of our Lord one thousand eight hundred and eighty-eight, with force and arms in said county of Van Wert and state of Ohio, being then and there a married man, to-wit: being then and there married to one Susan Lowther, did commit adultery with Imo Lowther, by then and there having sexual intercourse with the said Imo Lowther, the said Imo Lowther being then and there the daughter of the said Henry Lowther, as the said Henry Lowther and the said Imo Lowther then and there well knew, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.

"J. Y. TODD,
"Prosecuting Attorney "

MOORE, J.

The indictment is sufficient; it charges that Henry Lowther is a married man. That he committed adultery with Imo Lowther. That Imo Lowther is the daughter of the accused. That Henry Lowther and Imo Lowther each knew the relationship of father and daughter. These constitute all the elements of the crime of incest. To charge that Henry Lowther did commit adultery with Imo Lowther, by then and there having sexual intercourse with her, is equivalent to charging that they did commit adultery and fornication together.

It is not essential in charging the crime of incest that the parties be jointly indicted, or that they be both indicted.

Before the revision, S. & C. 405, the offense was not joint, the father alone being criminal under it. The revision does nothing more than to make criminal the daughter as well. It does not, however, make the father's conviction dependent upon the indictment of both.

Certain letters written by the accused while in jail and addressed to his wife were offered in evidence by the state and admitted over the objection and exception of the defendant.

These letters were found in the possession of a third person, who produced them in court. There is nothing to show but what he properly received them and no evidence that the wife ever had them. The only portion of the letters that could at all prejudice the defendant was addressed to his daughter Imo. We think these letters were properly admitted. (20 Kan. 599.)

The evidence fully supports the verdict of guilty.

Judgment affirmed.

Alexander, and Darnell, for plaintiff in error.

J. Y. Todd, prosecuting attorney, for the state.